CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 27 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD EDGAR STRICKLAND,<br>　　Plaintiff, | ) Civil Action No. 7:11-cv-00358<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| DR. WANG, et al.,<br>　　Defendants. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff, Harold Edgar Strickland, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical treatment for his Crohn's disease. The court finds that Strickland's claims for injunctive and declaratory relief are moot and, therefore, must be dismissed. The court also finds that Strickland's complaint fails to state a claim for relief against defendants Head Nurse, Deputy Henderson, Danville City Jail, Danville City Council, Danville City Manager, and Director of Human Services. Therefore, the court dismisses Strickland's claims against these defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

As relief to his claims, Strickland asks the court to issue injunctions ordering the defendants to provide him with medical care, special diets, and treatment, and a declaration that the defendants' acts were unlawful. Because he is no longer incarcerated at either of the facilities involved in this action, the court finds that his claims for injunctive and declaratory relief are now moot.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). If developments occur during the

course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

In this case, Strickland is now incarcerated at Deep Meadows Correctional Center and, therefore, no longer requires an injunction directing the Danville City Jail or Danville Adult Detention Center (also known as the Danville City Farm) defendants to provide him with the medical care, special diets, or treatment he seeks, or a declaration that they violated his rights. Accordingly, the court finds that Strickland's claims for declaratory and injunctive relief against all of the named defendants are now moot.[1]

## II.

Strickland names Head Nurse, Deputy Henderson, and Danville City Jail as defendants to this action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States

---

[1] The court notes that plaintiff has filed a separate civil action concerning the adequacy of the medical treatment he is receiving at Deep Meadows Corrections Center. See Civil Action No. 7:12cv00005.

and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Strickland does not allege any facts against defendants Head Nurse or Deputy Henderson that demonstrate that they violated any of his constitutional rights. Therefore, the court dismisses these defendants without prejudice pursuant to § 1915(e)(2)(B)(ii). In addition, because the Danville City Jail is not a "person" subject to suit under § 1983, Strickland cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

### III.

Strickland also names the Danville City Council, Danville City Manager, and Director of Human Services as defendants to this action.[1] The court finds that Strickland has failed to state a plausible claim for relief against these defendants and, therefore, dismisses them without prejudice from this action.

Although a *pro se* complaint will be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the facts alleged must "raise a right to relief above the speculative level," and the complaint must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). This plausibility standard does not equate to a probability requirement, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. Determining whether a complaint states a plausible

---

[1] In his complaint, Strickland named the "governing bodies" of the Danville Adult Detention Center. By previous order, entered January 5, 2012, the court construed the "governing bodies" to mean the Danville City Council, Danville City Manager, and Director of Human Services, under the Danville City Code of Ordinances.

3

claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. While the court must accept the claimant's factual allegations as true, Hemi Group, LLC v. City of N.Y., 130 S.Ct. 983, 986–87 (2010), this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985).

Though Strickland names defendants Danville City Council, Danville City Manager, and Director of Human Services, acting as the governing bodies of the Danville Adult Detention Center, he has not alleged anything that shows that these specific defendants had any relationship to the alleged policy and decision which led to his alleged denial of adequate medical treatment. Accordingly, the court finds that Strickland has not stated a plausible claim for relief against these defendants and, therefore, dismisses them without prejudice pursuant to § 1915(e)(2)(B)(ii). The court notes that the City of Danville and the Director of the Danville Adult Detention Center remain as defendants to this action.

4

## IV.

For the reasons stated above, the court dismisses Strickland's claims for injunctive and declaratory relief as moot and dismisses his claims against defendants Head Nurse, Deputy Henderson, Danville City Jail, Danville City Council, Danville City Manager, and Director of Human Services pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, only Strickland's claims for damages against defendants Wang, Mondule, Meadows, Director of Danville Adult Detention Center and City of Danville remain. The court will serve these defendants by separate order.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 27th day of January, 2012.

_____
United States District Judge