IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD E. STRICKLAND, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-358 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. HENRY WANG, *et al.*, | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Harold E. Strickland, a Virginia inmate proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), claiming that the defendants, Dr. Laurence S. Wang, Sheriff Michael S. Mondule, Officer Kevin Meadows, the City of Danville, and the Director of the Danville Adult Detention Center, showed deliberate indifference to Strickland's Crohn's disease and discriminated against him based on that disability. Strickland's claims arise from three separate periods of incarceration—two at the Danville City Jail (the "Jail") and one at the Danville Adult Detention Center (the "Detention Center.") The defendants have separately moved for summary judgment on Strickland's claims, claiming, among other things, that Strickland failed to exhaust his administrative remedies during each period of confinement and therefore, under 42 U.S.C. § 1997e(a), may not proceed with this action.

The presiding district judge referred this matter to me to conduct an evidentiary hearing and provide a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on the sole issue of whether Strickland properly exhausted his administrative remedies as to the claims asserted in this action. This court held an evidentiary hearing on December 21, 2012. Upon consideration of the record, the evidence presented at the evidentiary hearing, the applicable law, and the argument of counsel, I conclude that plaintiff did not exhaust his administrative

remedies. Accordingly, I **RECOMMEND** that the court **GRANT** the defendants' Motions for Summary Judgment, and **DISMISS** the action.

# I.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement." Graham v. Gentry, 413 Fed. App'x 660, 663 (4th Cir. 2011)(citing Porter v. Nussle, 534 U.S. 516, 532 (2002)). The PLRA demands exhaustion even if the prisoner is requesting relief that the relevant administrative body has no authority to grant, Porter, 534 U.S. at 532, or if the prisoner believes that exhaustion is futile, Booth v. Churner, 532 U.S. 731, 741 (2001).

Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, or if they otherwise act to prevent a prisoner from exhausting his administrative remedies. See Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008). Thus, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner "through no fault of his own, was prevented from availing himself of" the remedy. Id.

Strickland's claims arise from three separate periods of incarceration—two at the Jail and one at the Detention Center. Strickland filed one grievance during his incarceration at the Jail, regarding an issue not related to this action.[1] Strickland filed no grievances during his incarceration at the Detention Center. As set forth more fully below, there is no question that

---

[1] On January 16, 2013, Strickland filed "Additional Grievances," on a Jail Inmate Grievance Form, stating that he was denied adequate medical treatment and a special diet while incarcerated at the Jail during the time period at issue in this case. The PLRA requires that a prisoner exhaust available administrative remedies prior to bringing a lawsuit under section 1983. 42 U.S.C. §1997e(a). Strickland's retroactive attempt to pursue the grievance process at the Jail does not satisfy the PLRA exhaustion requirement, and is not considered in the analysis below.

2

both the Jail and Detention Center had established grievance procedures, and that Strickland was aware of those procedures. Strickland claims, however, that he was prevented from using the grievance procedures at each facility by their respective officials; and thus, the grievance procedures were "unavailable" to him.

While it is true that, because it is an affirmative defense, the defendants must plead and prove Strickland's failure to exhaust, Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 676 (4th Cir. 2005), courts have also recognized that, where the existence of a grievance procedure covering the inmate plaintiff is established, the burden to show that such procedure was actually unavailable rests with the plaintiff. See, e.g., Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) ("in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure."). Since no issue exists that Strickland did not file grievances to exhaust the claims raised in this action, the burden rests with Strickland to establish that the Jail and/or the Detention Center did not make the grievance procedure available for purposes of exhaustion. The relevant admissible evidence presented at the evidentiary hearing is set forth below.[2]

## II.

## Danville City Jail

Strickland was first incarcerated at the Jail from December 6, 2009 until January 11, 2010. He was recommitted to the Jail from March 19, 2010 until May 4, 2010. Upon his initial arrival, Strickland received a copy of the Jail's Inmates Rules and Regulations, which set forth the grievance process at the Jail. To file a grievance at the Jail, an inmate must ask a deputy for

---

[2] There are multiple Motions to Amend the Complaint currently pending on the docket. (Dkt. Nos. 96, 96, 97, 104, 107, 108, 109, 110.) Any information contained in those Motions that relates to Strickland's exhaustion of administrative remedies is considered in our analysis.

3

a "request for grievance" form.[3] The inmate must fill out the form, sign it, and return it to the deputy on duty. The deputy takes the form to his or her supervisor. The supervisor reads the form and sends a response to the inmate within nine days. If the inmate is not satisfied with the response, he can appeal the grievance to the Jail Administrator, Sheriff or Designee. The decision of the Jail Administrator, Sheriff or Designee is final.

On April 10, 2010, Strickland filed his only grievance while incarcerated at the Jail, complaining that the nurse did not announce her presence at medication call, causing him to miss his daily medications. On April 11, 2010, Strickland received a response denying his grievance. Strickland did not file an appeal. Strickland filed no other grievances during his incarceration at the Jail.

Strickland's testimony at the evidentiary hearing pertained almost exclusively to his incarceration at the Detention Center. Strickland called one witness at the evidentiary hearing, Tyler Robinson, who testified that he was in the same cell block as Strickland at the Jail, and witnessed Strickland asking deputies for request for grievance forms. Mr. Robinson also stated that Strickland submitted to a deputy at the Jail a request for grievance form complaining about recreation.

## Danville Adult Detention Center

On May 4, 2010, Strickland was transferred from the Jail to the Detention Center, where he remained until July 30, 2010. Upon intake at the Detention Center, Strickland received a copy of the City of Danville Adult Detention Rules and Regulations, which included a written grievance procedure. Strickland acknowledged in writing that he received a copy of the Detention Center Rules and Regulations and was informed of the grievance procedure.

---

[3] An inmate can request a grievance form when a deputy walks through the cell block, which occurs twice an hour, every hour.

4

Under the Detention Center grievance policy, an inmate with a grievance must obtain a Request for Grievance ("RFG") form from an officer in his cell block. The inmate must complete the form, and return it to the officer. The officer then places the form in Major Roland Witcher's box, the designated officer to receive RFG forms. Major Witcher maintains a grievance log, in which he records every RFG form submitted by an inmate. Major Witcher reviews the RFG form, and sends a "grievance package" to the inmate, which consists of an Inmate Grievance Form, a blank sheet of paper and an envelope. Once the inmate submits the Inmate Grievance Form, Major Witcher performs an investigation and provides a response to the inmate. If the inmate is not satisfied with the response, he can file an appeal to the Director of the Detention Center. There is no time limit for filing grievances or appeals, although inmates are limited to receiving one grievance package at a time.

Detention Center officers receive training on the grievance process during their initial orientation, and receive additional training every two years. There are four shifts of officers working inside the Detention Center each day, with five staff members per shift. An inmate can ask any staff member for a RFG form. The staff member is required to provide the form if asked. The staff members are further required to turn in a completed form provided by an inmate. Failure to follow the grievance policy procedure by a staff member is a violation that results in disciplinary action.

The Detention Center's records, including Major Witcher's grievance log, reflect that Strickland did not file a RFG form while at the Detention Center.[4] Strickland testified that he

---

[4] Strickland submitted several Inmate Administrative Requests and Medical Request Forms while incarcerated at the Detention Center. Any argument by Strickland that those satisfy his duty to exhaust remedies under § 1997e(a) by raising his claims informally must be rejected. Courts have consistently rejected arguments that an inmate has satisfied § 1997e(a) by raising his claims informally when prison regulations designate the established grievance procedure as the proper method for exhausting claims. Lee v. Clarke, 3:11CV135, 2011 WL 3840979 (E.D. Va. Aug. 29, 2011) (collecting cases).

submitted a RFG form to Officer Kevin Meadows in June 2010, to which he received no response. Tyler Robinson also testified that he observed Strickland submit a RFG form to Officer Meadows. Officer Meadows testified that he remembers Strickland as an inmate, but does not recall him asking for or submitting a RFG form.

Strickland also testified that he informed Officer Pruitt about the lack of response to his RFG form. Officer Pruitt's reply, per the Detention Center's policy, was to instruct Strickland to re-file a RFG form setting forth his complaints. Finally, Strickland claims that he told Officer Pruitt that he was requesting, but not receiving, RFG forms from officers.

### III.

Generally, to satisfy the exhaustion requirement, an inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). Strickland concedes that he did not file a grievance regarding his present claims. Thus, to survive defendants' motions for summary judgment, Strickland must establish that he attempted to pursue his grievances, but the grievance process was not available to him because facility administrators prevented him from using it. See Burgess v. Igboekwe, 5:12-CT-3017-F, 2012 WL 6054009 (E.D.N.C. Dec. 5, 2012).

Strickland first alleges that the officers at the Jail and Detention Center did not turn in grievance forms that he completed. Strickland's claim that he submitted a grievance form to an officer and received no response does not satisfy his duty to exhaust available remedies. The fact that a grievance was unprocessed, without more, is insufficient to show that prison officials prevented a plaintiff from exhausting his administrative remedies. Zander v. Lappin, No. 5:08-CT-3117-FL, 2012 WL 3138012, * 4 (E.D.N.C. Aug. 1, 2012) aff'd, 12-7638, 2013 WL 474536 (4th Cir. Feb. 7, 2013) (citing Bryan v. S.C. Dept. of Corr., No. 4:08–CV–1590–TLW–TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16.2009) appeal dismissed, 421 F. App'x 288 (4th

6

Cir.2011); Peoples v. SCDC, No. 8:07–2897, 2008 WL 1902718, * 1 (D.S.C. Apr. 28, 2008) (finding that a returned and unprocessed grievance does not necessarily render remedies "unavailable")). Strickland was required to re-file the grievance and continue to pursue the grievance process.

Strickland further claims that officials at the Jail and Detention Center ignored his requests to obtain grievance forms. This court recognizes that "[w]hen prison officials prevent inmates from using the administrative process, the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). However, Strickland provided no details as to the grievances that he allegedly attempted to file, such as the date of his requests, the names of officers with whom he dealt, or the subject matter of the grievances, aside from "medical issues." Further, Strickland's claim that he was prevented from pursuing the grievance process by Jail and Detention Center officials is simply not plausible. It defies belief that every officer on every shift during the time that Strickland was incarcerated at the Jail and Detention Center refused to provide request for grievance forms to Strickland, violating their policies and risking discipline.

The evidence presented at the evidentiary hearing established that Strickland knew about the grievance procedures at the Jail and Detention Center, and did not comply with them. There were no time limits or other administrative barriers to Strickland's use of the grievance process. There is no other evidence, aside from the testimony of Strickland and Mr. Robinson, that a Jail or Detention Center official impeded or discouraged efforts by Strickland to make a grievance. Based on the evidence before the court, Strickland's failure to exhaust his administrative remedies cannot be attributed to anyone but himself. See Graham v. Gentry, 413 Fed. Appx. 660, 663 (2011). Accordingly, I find that Strickland has not met his burden of proving that the

grievance procedures at the Jail and Detention Center were "unavailable," and I recommend that the Defendants' Motions for Summary Judgment be granted.

The Clerk of the Court is **DIRECTED** immediately to **TRANSMIT** the record in this case to the Honorable Samuel G. Wilson, United States District Judge. All parties are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send copies of this Report and Recommendation to plaintiff and counsel of record for defendants.

Enter: February 20, 2013

/s/ *Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge