CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 07 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD EDGAR STRICKLAND, | Civil Action No. 7:11cv00358 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| DR. LAURENCE S. WANG *et al.*, | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

Plaintiff Harold Edgar Strickland, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, claiming that the defendants, Dr. Laurence S. Wang, Sheriff Michael S. Mondul, Officer Kevin Meadows, the City of Danville, and the Director of the Danville Adult Detention Center, showed deliberate indifference to Strickland's Crohn's disease and discriminated against him by reason of that disability. Strickland's claims arise from three separate periods of incarceration—two at the Danville City Jail and one at the Danville Adult Detention Center. The defendants have filed three separate motions for summary judgment on Strickland's claims, all arguing that Strickland failed to exhaust his administrative remedies during each period of confinement and therefore, under 42 U.S.C. § 1997e(a), may not proceed with this action.[1] In response, Strickland made multiple sworn statements to the opposite effect.

---

[1] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has explained that the exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007). The PLRA demands exhaustion even if the prisoner is requesting relief that the relevant administrative body has no power to grant, Porter v. Nussle, 534 U.S. 516, 532 (2002), or if the prisoner believes that exhaustion is futile, Booth v. Churner, 532 U.S. 731, 741 (2001).

In light of that dispute, the court took the defendants' summary judgment motions under advisement and referred the matter to Magistrate Judge Robert S. Ballou pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing on Strickland's exhaustion of administrative remedies. The Magistrate Judge allowed limited discovery on the issue of exhaustion and held an evidentiary hearing on December 21, 2012. Despite his many conflicting statements on the issue, Strickland eventually conceded that he never exhausted his administrative remedies, and argued instead that the defendants had made administrative remedies unavailable to him by refusing to supply him with grievance forms.

After considering the record and the evidence presented during the evidentiary hearing, the Magistrate Judge concluded that Strickland had not met his burden of showing that administrative remedies were unavailable to him, and recommended that the court grant the defendants' motions for summary judgment on that basis. The Magistrate Judge's Report and Recommendation explains that the "evidence presented at the evidentiary hearing established that Strickland knew about the grievance procedures at the Jail and Detention Center, and did not comply with them." (R&R 7, ECF No. 139.) The Magistrate Judge found no credible evidence that any official impeded or discouraged Strickland's efforts to lodge a grievance. Strickland has not objected to the Magistrate Judge's Report and Recommendation.

---

Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, or if they otherwise act to prevent a prisoner from exhausting his administrative remedies. See Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008). Thus, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner "through no fault of his own, was prevented from availing himself of" the remedy. Id. The burden of showing that administrative remedies were unavailable lies with the plaintiff. See, e.g., Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (citing Moore, 517 F.3d at 725). The "exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge." Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010); see also Messa v. Goord, 652 F.3d 305, 308 (2d Cir. 2011); Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010); Bryant v. Rich, 530 F.3d 1368, 1375–77 & n.15 (11th Cir. 2008); Pavey v. Conley, 544 F.3d 739, 741–42 (7th Cir. 2008); Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003).

Having reviewed the Report and Recommendation and pertinent portions of the record, the court adopts the Magistrate Judge's Report and Recommendation, with the single modification that the court dismisses Strickland's claims rather than entering summary judgment in favor of the defendants.[2] Accordingly, the court dismisses Strickland's claims.[3]

**ENTER**: March 7, 2013

_____
UNITED STATES DISTRICT JUDGE

---

[2] Though the Second, Third, Fifth, Seventh, Ninth, and Eleventh Circuit Courts of Appeals agree that exhaustion is for the judge to decide, they disagree on whether the disposition is properly characterized as a grant of summary judgment or a dismissal. Compare Bryant, 530 F.3d at 1374–75 ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, . . . it 'should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment.'" (quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368–69 (9th Cir. 1988))), and Wyatt, 315 F.3d at 1119–20 (explaining that failure to exhaust subjects a prisoner's claims to dismissal rather than summary judgment), with Drippe, 604 F.3d at 782 (dealing with the issue after summary judgment), and Dillon, 596 F.3d at 273 (characterizing the issue as one for summary judgment). The Fourth Circuit Court of Appeals routinely deals with PLRA exhaustion issues following the entry of both dismissal and summary judgment orders. Compare XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005) (dismissal), with Dumbuya v. Riley, 248 F. App'x 487 (4th Cir. 2007) (summary judgment).

Given the similarities between the question of exhaustion and questions like personal jurisdiction, see, e.g., Pavey, 544 F.3d at 741, it strikes the court as analytically consistent to think of the disposition as a dismissal rather than summary judgment. Accordingly, the court dismisses Strickland's claims rather than entering summary judgment. But cf. Blakely v. Wards, 701 F.3d 995, 1000 (4th Cir. 2012) (finding no important distinctions between "dismissal" and "summary judgment" phraseology, at least for the purposes of the three-strikes provision in 28 U.S.C. § 1915(g)).

[3] Strickland has filed numerous motions in this case, most of which attempt to amend his complaint to add parties or include additional argument regarding the exhaustion issue. While not wishing to discourage zealous advocacy, the court believes that Strickland may have unreasonably multiplied these proceedings. Having examined Strickland's pending motions, and given the court's conclusion on the exhaustion issue, the court finds no merit in the motions and denies them.